UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. GARTH SKVORAK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 16-44 (JEB/GMH) |

**MEMORANDUM OPINION**

In this action seeking benefits from the Social Security Administration, the sole remaining issue relates to Plaintiff Garth Skvorak's attorney fees. On July 10, 2017, Magistrate Judge G. Michael Harvey, to whom this dispute had been referred for full case management, issued his Report and Recommendation regarding Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Finding the amount sought reasonable, he recommended that Plaintiff's request for fees be granted. The Magistrate Judge, however, recommended denying Skvorak's request that the fee award be assigned to his attorney, believing that such an assignment did not comport with the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727. As Plaintiff's Objection to the Report, filed under Local Civil Rule 72, now concedes that the check may be made out to him, even if mailed to his attorney, the Court will adopt the Report and award the fee requested.

I.      **Procedural Background**

Skvorak applied for supplemental-security-income benefits on February 28, 2012, alleging he had become disabled in April 2008 as a result of his Anxiety Disorder and Asperger

1

Syndrome. See ECF 8 (Social Security Administration Decision). After being denied benefits, Skvorak sued the Commissioner of the Social Security Administration (SSA). See ECF 1 (Complaint). He alleged that the decision of the Administrative Law Judge was not supported by substantial evidence, and that it failed to comport with pertinent legal standards. See ECF 12 (Motion for Reversal of Judgment) at 1. On February 28, 2017, Magistrate Judge Harvey issued a 48-page opinion, concluding that the ALJ had failed to adequately evaluate the record evidence and recommending that this Court remand the matter to the SSA for further proceedings. See ECF 16 (Report and Recommendation Regarding Benefits) at 47. After receiving no objection from either side, this Court adopted the Report and remanded Plaintiff's case to the SSA. See ECF 17 (Order).

On March 24, Plaintiff moved for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), which "directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States if, among other conditions, the position of the United States was not 'substantially justified.'" Commissioner, INS v. Jean, 496 U.S. 154, 155 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). This matter was again initially considered by Magistrate Judge Harvey, who, on July 10, issued a Report and Recommendation. See ECF 21 (Report and Recommendation Regarding Fees). The Report recommended that Plaintiff's Motion be granted in part and denied in part. Id. at 19. With respect to the amount of fees to be awarded, the Magistrate Judge concluded that Plaintiff's fee demand was reasonable, and he recommended that Plaintiff be awarded $11,196.35, subject to any outstanding debts owed to the United States. Id.

With respect to the manner of payment of such fees, however, the Magistrate Judge recommended denying Plaintiff's request that the award be remitted directly to his attorney,

pursuant to an assignment-of-fees clause in counsel's engagement letter. Id. at 18; ECF 18, Exh. 1 (Engagement Letter and Fee Agreement). The Government had objected to this request, contending that the Supreme Court's decision in Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010), precludes such direct payment of EAJA fees to an attorney. See ECF 19 (Opposition to Motion for Fees). In his Report, although the Magistrate Judge concluded that Ratliff presented no such bar to the contractual assignment of fees, he went on to find that Plaintiff's fee agreement was nonetheless invalid under the Anti-Assignment Act (AAA), 31 U.S.C. § 3727. See Report at 16-18. This Act, which was first passed in 1853, prohibits the "assignment of any part of a claim against the United States Government or of an interest in the claim," unless certain conditions are met. See 31 U.S.C. § 3727(a)(1). The Magistrate Judge found that Plaintiff's assignment of his EAJA award to counsel would run afoul of the AAA, and he therefore recommended that the Court declare the assignment "null and void" and "make no Order regarding the direction such fees must be paid." Report at 18.

As permitted under Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.3(b), Plaintiff filed his Objection to the Report on July 25, 2017. See ECF 23. This Court does not require a response to such Objection, and the Government made no such filing in this case.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b), once a Magistrate Judge has entered his recommended disposition, a party may file specific written objections. The district court must review *de novo* any motion for attorney fees referred to a Magistrate Judge and properly objected to. See Baylor v. Mitchell Rubenstein & Assocs., P.C., 857 F.3d 939, 947 (D.C. Cir. 2017). The district court may then "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

**III. Analysis**

This Court turns first to the Report's recommendation with respect to the <u>amount</u> of Plaintiff's fee award. Under the EAJA, a plaintiff may recover attorney fees and expenses if he (1) is the prevailing party; (2) has incurred such fees or expenses; (3) the position of the United States in the action was not substantially justified; and (4) no special circumstances make an award of fees unjust. <u>See</u> 28 U.S.C. § 2412(d)(1)(A). Here, the Report concluded that Plaintiff fulfilled each of these requirements, and that the rates and hours requested were reasonable. <u>See</u> Report at 6, 10-11, 13. The Government never challenged the former before the Magistrate Judge, and it did not object to his determination of the latter. This Court's independent analysis agrees. In particular, Skvorak's fee request reflected the prevailing market rates, and the hours sought were reasonable in light of the case's complicated and lengthy factual record. The Court will therefore adopt the recommendation of the Report that Plaintiff be awarded $11,196.35, subject to the offset needed to satisfy any outstanding debts owed to the United States.

This leads next to Skvorak's sole objection to the Report and Recommendation – namely, the determination of to whom the fees should be paid. He initially maintained that, per his engagement letter with his counsel, such fees should be paid directly to his attorney. Magistrate Judge Harvey believed the AAA prohibited such a result. In his Objection, Plaintiff raises a number of arguments in favor of interpreting the AAA so as to not preclude such assignment of EAJA fees. Alternatively, he proposes a compromise solution, in which, in lieu of directly assigning EAJA fees to counsel, the award instead will be made payable to Plaintiff, but the check will be mailed to counsel. <u>See</u> Objection at 5; ECF 23, Exh. 1 (Amendment to Agreement).

The question of how the AAA applies to attorney fees involves a remarkably complex and open area of law – one that has not previously been addressed in this Circuit. Looking to those courts that have considered the issue unfortunately provides little clarity, as they have reached a wide range of conclusions. See, e.g., United States v. Kim, 806 F.3d 1161, 1169 (9th Cir. 2015) (holding that pre-award assignment of fees under Civil Asset Forfeiture Reform Act was void under AAA); Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 723-26 (6th Cir. 2012) (permitting preemptive assignment of EAJA fee awards to counsel); Murkeldove v. Astrue, 635 F.3d 784, 794 (5th Cir. 2011) (holding that AAA is defense to assignment of attorney fees, not *ex ante* bar to such assignment); Steele-Malocu v. Astrue, No. 09-383, 2011 WL 1743457, at *1 (S.D. Ohio May 6, 2011) (collecting district court cases finding that AAA applies to EAJA awards and voiding any preemptive assignment of fees).

Given Skvorak's proposed compromise, resolving this case does not require the Court to delve into an interpretation of the AAA or wade into a circuit split. Rather, the Court finds that Plaintiff's proposal presents a simple and reasonable solution to his sole objection to the Magistrate Judge's Report and one that does not run afoul of the AAA. The Government, moreover, has not opposed this resolution, and the practice of mailing fee awards to counsel has been approved by many other courts. See, e.g., Serna v. Colvin, 2015 WL 6584823, at *3 (D. Ariz. Oct. 30, 2015); Potter v. Colvin, 2014 WL 4230090, at *1 (D. Or. Aug. 25, 2014); Dace v. Colvin, 2014 WL 2993719, at *1 (E.D. Mo. July 2, 2014); Cook v. Colvin, 2013 WL 6002903, at *3 (W.D. Ark. Nov. 13, 2013). The Court will thus endorse it here.

**IV.     Conclusion**

For the reasons stated herein, the Court will issue a contemporaneous Order adopting the Recommendation of the Magistrate Judge to grant Plaintiff's Motion, and to award Skvorak

5

$11,196.35, subject to the offset needed to satisfy any outstanding non-tax debts he owes to the United States. Per Plaintiff's proposed amendment, the fee award will be made payable to him, with the check to be mailed to his counsel.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 28, 2017